Lowicki, Appellant, *v.* Filner et al.

Argued April 15, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

The facts are stated in the opinion by DITHRICH, J., of the lower court, DITHRICH, ELLENBOGEN and KENNEDY, JJ., as follows:

This is an appeal from a decision of the Workmen's Compensation Board terminating an award of compensation to claimant, a widow, on the ground that she has remarried.

The board found as a fact that she had entered into a common law marriage with one Marshall Schaney since the death of her former husband. The evidence as to cohabitation and reputation was overwhelming, and evidence of cohabitation and reputation is sufficient to sustain a presumption of marriage.

In *Murdock's Estate*, 92 Pa. Superior Ct. 275, chiefly relied on by claimant, although the court there held that proof of the marriage had not been established because of the absence of verba de praesenti, the court rather significantly said:

"Notwithstanding the divergent testimony, there was

probably sufficient evidence, if believed, to sustain a presumption and a consequent finding that the parties were married, if the evidence had been confined to cohabitation and reputation."

But the evidence was not confined to cohabitation and reputation as it was in this case. There the claimant undertook to prove the precise form of the marriage contract and in so doing she herself proved that no valid contract was actually entered into. Here, there was nothing but a flat denial by claimant that she had ever lived with Schaney as his common law wife, and that denial was in the face of incontrovertible testimony that she bore him a child, stated for the purpose of the birth certificate that the child was legitimate, lived with Schaney in rooms for which he paid the rent over a period of three years (she testified that they occupied separate bedrooms); purchased groceries and had her two children by her first marriage also purchase groceries on an account opened in his name; and made application for and received public assistance as his wife on three separate occasions, one of them being five months before the child she bore him was born. As the referee aptly said: "She represented herself as Mrs. Lowicki for purposes of compensation and Mrs. Schaney for purposes of relief."

Claimant having offered no testimony other than her own, which is simply incredible, to overcome the presumption of marriage raised by the evidence of cohabitation and reputation, the board could not have done otherwise than to have found as a fact that her marital status had changed since the death of her first husband and concluded that she was no longer entitled to receive compensation as his widow.

*H. L. Abrams,* for appellant.

*James J. Burns, Jr.,* for appellees.

PER CURIAM, April 19, 1943:

The judgment of the court below is affirmed on the opinion of Judge DITHRICH.

Miller, Appellant, *v.* Unemployment Compensation Board of Review.